UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


JOHN SPEAR,                           :
        Plaintiff,                    :
                                      :              PRISONER
     v.                               :  Case No. 3:12-cv-1333(AWT)
                                      :
TOWN OF BRANFORD, et al.,             :
        Defendants.                   :


INITIAL REVIEW ORDER

     The plaintiff, who is currently incarcerated at the Carl

Robinson Correctional Institution in Enfield, Connecticut, has

filed a complaint pro se pursuant to 42 U.S.C. § 1983.  He names

as defendants the Town of Branford, Chief of Police John Doe,

Luigi M. Amasino, John Alves, Josef J. Herten, Michael P.

Amarante, Sergeant Galdenzi and Officer Roach.

     Under 28 U.S.C. § 1915A, the court must review prisoner

civil complaints and dismiss any portion of the complaint that is

frivolous or malicious, that fails to state a claim upon which

relief may be granted, or that seeks monetary relief from a

defendant who is immune from such relief.

     In reviewing a pro se complaint, the court must assume the

truth of the allegations, and interpret them liberally to "raise

the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480

F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are

not required, the complaint must include sufficient facts to

afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff asserts federal and state law claims arising out of the alleged use of excessive force against him in the course of his arrest.  All of the claims will proceed at this time.

### ORDERS

In accordance with the foregoing, the court enters the following orders:

(1)  The **Pro Se Prisoner Litigation Office shall** mail waiver of service of process request packets to defendants Amasino, Alves, Herten, Amarante, Galdenzi and Roach in their individual capacities c/o the Branford Police Department, 33 Laurel Street, Branford, Connecticut 06405, within **fourteen (14)** days of this

order, and report to the court on the status of those waiver

requests on the **thirty-fifth (35)** day after mailing.

If any individual defendant fails to return the waiver

request, the Pro Se Prisoner Litigation Office shall make

arrangements for in-person service by the U.S. Marshals Service

on the defendant in his individual capacity and the defendant

shall be required to pay the costs of such service in accordance

with Federal Rule of Civil Procedure 4(d).

(2)   The **Pro Se Prisoner Litigation Office shall** prepare a

summons form and send an official capacity service packet to the

U.S. Marshal Service.  The U.S. Marshal is directed to effect

service of the complaint on the Town of Branford and all other

defendants in their official capacities c/o Branford Town Clerk,

1019 Main Street, Branford, Connecticut 06405, within **fourteen**

**(14)** days from the date of this order and to file returns of

service within **twenty (20)** days from the date of this order.

(3)   The **Pro Se Prisoner Litigation Office shall** send

written notice to the plaintiff of the status of this action,

along with a copy of this order.

(4)   **The defendants shall** file their response to the

complaint, either an answer or motion to dismiss, within **seventy**

**(70)** days from the date of this order.  If they choose to file an

answer, they shall admit or deny the allegations and respond to

the cognizable claims recited above.  They also may include any

and all additional defenses permitted by the Federal Rules.

(5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(6)  All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)  The court cannot effect service on the John Doe Chief of Police without his full name and current work address.  The plaintiff is directed to file an amended complaint containing this information.  The plaintiff shall file the amended complaint within **twenty (20) days** from the date of this order.  Failure to comply with this order may result in the dismissal of all claims against defendant Doe without further notice from the court.

Entered this 19th day of December 2012, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
